COPE, J.
(concurring).
The sole issue raised in the trial court by the appellant’s motion under Florida Rule of Criminal Procedure 3.800(a) was an argument under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). I agree that the issue is without merit. Further, the appellant argues that his sentence exceeds the legal maximum, but if he was, in fact, sentenced as a violent career criminal, then a sentence of fifteen years with a mandatory minimum term of ten years is a legal *253 sentence. § 775.084(4)(d)3., Fla. Stat. (2000).
In his brief here, however, the defendant also argues that he was never sentenced as a violent career criminal (“VCC”). In its response, the State acknowledges that this issue cannot be resolved without a transcript of the appellant’s sentencing, and such a transcript has never been ordered.
Because the appellant did not raise this claim (that the sentencing order deviates from the oral pronouncement), that issue is not properly before us. If the appellant contends that he was never sentenced as a VCC, then that claim must be filed in the trial court in the first instance.*

 The scoresheet and earlier documents in the appellant’s case have inconsistently stated that the defendant was sentenced as a habitual violent felony offender, or a habitual felony offender, or a violent career criminal.